**UNITED STATES STEEL
CORPORATION**

v.

**UNITED STATES.**

**C.D. 2912, Protest No. 64/21199–94890.**

United States Customs Court,
Second Division.
March 7, 1967.

Barnes, Richardson & Colburn, New York City (James F. Donnelly and Richard C. Meade, New York City, of counsel), for plaintiff.

Barefoot Sanders, Asst. Atty. Gen. (Harvey A. Isaacs and Avram Weisberger, New York City, trial attorneys), for defendant.

Before RAO and FORD, Judges.

FORD, Judge:

The subject merchandise, known as a Sendzimir planetary rolling mill, was classified as a machine tool and parts thereof under the provisions of paragraph 372, Tariff Act of 1930, as modified by T.D. 51802. Plaintiff contends the importation is properly classifiable under provisions of the same paragraph, as modified by T.D. 55615 and T.D. 55649 as a machine, not specially provided for.

The pertinent provisions of paragraph 372, as so modified, are as follows:

Paragraph 372, as modified by T.D. 55615 and T.D. 55649:

Machines, finished or unfinished, not specially provided for:

\*  \*  \*  \*  \*  \*

Other  (\*  \*  \*)  ....10½% ad val.

Paragraph 372, as modified by T.D. 51802:

Machine tools (except jig-boring machine tools)................15% ad val.

It appears, from the record, that the planetary rolling mill is used in the production of steel strip. Prior to rolling, a steel slab, at room temperature, enters and passes through a furnace where it is heated to about 2,200 degrees Fahrenheit. From the furnace, the hot steel slab enters the feed roll section and is fed into and through the planetary mill and a pair of planishing rolls, then rolled through two 4-high mill finishing stands, over a delivery table and into a coiler which coils the strip into a coil of hot-roll strip. Only the feed roll section, the planetary mill, and the planishing mill were involved in the subject importation.

The difference between a planetary mill and a conventional rolling mill, as developed in the trial testimony, is in the planetary arrangement of the backup roll, which has the center barrel surrounded by a series of small diameter rolls that work against the metal. The purpose of this arrangement is to accomplish a much larger reduction in steel slabs than is normally accomplished. In a conventional rolling mill, the reduction would be about 30 percent. The reduction in the planetary rolling mill is from about 3½ inches to about ¼ of an inch, a 14 to 1 reduction.

Plaintiff, in its brief, presents a persuasive argument for excluding rolling mills from classification as machine tools. As we understand plaintiff's contention in this respect, which factually is supported by the record concerning the subject importation, a rolling mill merely changes the thickness and width of a metal slab but does not cut or shape the metal worked on so as to form a relatively finished product fit for a specific use.

Were this a case of first impression involving the classification of rolling mills within the purview of the machine tools provision, this court would have been presented with more difficult problems of statutory construction and application than are those submitted here. However, under existing customs law, rolling mills are classifiable as machine tools. Alex Benecke v. United States, 30 CCPA 55, C.A.D. 214; John L. Vandiver v. United States, 34 Treas.Dec. 200 T.D. 37555. Accordingly, the determinative issue here is whether plaintiff has distinguished successfully the subject rolling mill from the controlling effect of the cited decisions.

The merchandise involved in the *Vandiver* case, supra, was invoiced as a "cold rolling mill" and was assessed with duty at the rate of 20 per centum ad valorem under paragraph 167 of the 1913 Tariff Act as a manufacture of metal, not specially provided for. The importer claimed it to be classifiable as a machine tool under paragraph 165 of that act, assessable with duty at the rate of 15 per centum ad valorem. This court (then the Board of General Appraisers), sustaining the claim of the importer and holding the rolling mill to be a machine tool, said:

The record herein discloses that the metal which is passed between the rolls of the machine in question is squeezed or pressed out into the form of sheets of the desired dimensions. * * *

* * * * * *

In the present case there is no question about this rolling mill being a complete machine ready to operate upon metal when the motive power is applied thereto; nor does there exist in our minds any doubt that the rolls in the machine which accomplish work formerly performed by hand hammers are tools. The combined mechanism is in our judgment, a machine tool in the sense that term is used in paragraph 165. * * * Hand hammers are tools in that they are manual instruments which depend for their efficiency upon the strength and skill of the operator. The rolls in question do precisely the same work which was formerly accomplished by the hammers only that they depend for their efficiency upon power other than that furnished by hand. * * *

The merchandise involved in the *Benecke* case, supra, consisted of steel rolls used in rolling mills for cold-rolling steel. The rolls, classified as parts of machine tools under paragraph 372 of the Tariff Act of 1930, were claimed to be classifiable as parts of machines, not specially provided for, under another provision of paragraph 372. Citing and discussing the *Vandiver* decision, the appellate court found it unnecessary to review the testimony presented because it held that, under the doctrine of legislative ratification of judicial interpretation, the trial court correctly held that the decision in the *Benecke* case must be governed by the decision in *Vandiver*. The appellate court noted the fact that, as it appeared from the Summary of Tariff Information, 1920, prepared for the use of Congress in formulating the 1922 Act, reference was made to the *Vandiver* case. The court also pointed out that paragraph 372 of the Tariff Act of 1922 retained the definition of machine tools stated in paragraph 165 of the 1913 Act which was involved in *Vandiver*. Similarly, the definition of machine tools stated in the 1913 and 1922 Acts was retained in paragraph 372 of the Tariff Act of 1930.

Following the *Benecke* decision, there can be no reasonable doubt but that, under controlling decisional law, which we

are obliged to follow, rolling mills are classifiable as machine tools.

Therefore, plaintiff is obliged, if it would avoid the governing effect of *Benecke* and *Vandiver*, to distinguish the subject rolling mill from the merchandise involved in those cases. Plaintiff's principal attempt to do so seems to be that the legislative ratification, discussed in the *Benecke* decision, of the *Vandiver* decision holding a cold-roll mill to be a machine tool, is not controlling here because the subject merchandise is a hot-roll mill.

Plaintiff contends that cold-roll mills were held to be machine tools because of the effect they have on the physical properties of metal. Although the purpose of cold rolling is to reduce the thickness of steel, as is the purpose of hot rolling, cold rolling also improves the physical properties and the surface finish of the steel.

Although there is a difference between cold rolling and hot rolling, the material question is whether it is a significant difference for tariff purposes. To succeed, plaintiff must prove that this difference is sufficient to support a finding that a hot-roll mill should not be classified as a machine tool notwithstanding that cold-roll mills have been held to be so classifiable.

Plaintiff's expert witness, Dr. Milton C. Shaw, testified as to this difference in function and purpose between hot rolling and cold rolling, yet stated that experts in the field do not consider either a hot- or a cold-roll mill to be a machine tool. We are of the opinion that any distinction between a hot-roll mill and a cold-roll mill is, for tariff purposes, a distinction without a difference.

We find nothing in the *Vandiver* or *Benecke* decisions nor in the Summary of Tariff Information, 1920, to justify carving hot-rolling mills from the judicially-declared and legislatively-ratified classification of rolling mills as machine tools.

Accordingly, we are constrained to hold that plaintiff has failed to prove that the collector's classification was erroneous and that the claimed classification is correct.

Judgment will be entered accordingly.

RAO, J., concurring.